IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEON BARLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14-CV-55-TMH |
| | ) | [WO] |
| AUTAUGA COUNTY | ) | |
| COMMISSIONERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the Autauga County Metro Jail located in Prattville, Alabama. In this 42 U.S.C. § 1983 action, he challenges various conditions and events which have occurred at the jail since December 2013. Named as defendants are the Autauga County Commissioners, Sheriff James Johnson, Captain Larry Nixon, medical provider QCHC, Officer Whitten, and Officer Averitt. Upon consideration of the pleadings filed in this case, the court concludes that dismissal of certain claims and defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. Autauga County Commissioners*

Plaintiff names the Autauga County Commissioners as defendants. He makes no

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

specific allegations against these individuals. Further, county commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). In light of the foregoing, Plaintiff's claims against the commissioners of Autauga County are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

*B. Breach of Medical Confidentiality*

In Ground Two of the complaint, Plaintiff states he has overheard medical personnel discuss with and disclose to other inmates and jailers the "medical diagnostics and prognosis" of other prisoners. Plaintiff is entitled to no relief on this claim, as he lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that Plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In addition, the Supreme Court has established several requirements based on prudential considerations. *See Saladin*, *supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another

person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

In Ground Two, Plaintiff is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. Thus, it is clear that his claim regarding the disclosure by medical and/or jail personnel of other inmate's medical information alleges "infringement of a legal interest which clearly does not exist" and is, therefore, subject to dismissal as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*C. Slander and Defamation of Character and Reputation*

Plaintiff asserts a claim for slander and defamation in Ground Three of the complaint. He contends that QCHC employee Vernice informed other inmates and correctional officers that he had stolen property from her several years ago and claims she also made numerous accusations against him regarding a known relationship he had with Defendant Nixon.

Plaintiff's slander and defamation claim fails to state a claim of constitutional proportion since the Constitution does not forbid defamation, libel or slander. *Davis v. City of Chicago*, 53 F.3d 801, 803 (7th Cir. 1995), *citing Siegert v. Gilley*, 500 U.S. 226 (1991) (holding that defamation, which encompasses libel and slander, is a tort actionable under the law of most states, but not a constitutional deprivation), and *Paul v. Davis*, 424 U.S. 693 (1976) (recognizing that an interest in reputation alone is not a liberty or property interest protected by the Due Process Clause, thus holding that defamation does not give rise to a claim under 42 U.S.C. § 1983). Accordingly, this claim is due to be dismissed.

*D. Conspiracy*

Plaintiff alleges that QCHC employee Vernice conspired with Defendant Nixon and other jailers to lock him up in segregation which is not a medical observation unit, as was explained to him. The complaint includes no factual allegations to support Plaintiff's conspiracy claim.

In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Here, Plaintiff's conclusory allegation does not allow the court to draw the conclusion that a conspiracy claim is plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal). Accordingly, this claim is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 678; *Fullman*, 739 F.2d at 556-557.

*E. QCHC Employee Vernice*

Although QCHC employee Vernice is included within the allegations set forth in Ground One of the complaint, Plaintiff failed to list her as a defendant. Because the court will direct a response to the allegations made against Defendant Whitten and QCHC

employee Vernice as set forth in Ground One, the Clerk will be directed to add QCHC employee Vernice as a party defendant.

*F.  Defendants Averitt, and QCHC*

The court's preliminary review of the complaint reveals that Plaintiff has not stated any claim against Defendants Averitt and QCHC. Though Plaintiff names this individual and entity as Defendants, he fails to make any specific allegations of wrongdoing against them in the body of his complaint. Accordingly, Defendants Averitt and QCHC are subject to dismissal on this basis. *See Douglas v. Yates,* 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation) (citing *Pamel Corp. v. P.R. Highway Auth. .,* 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

## II.  CONCLUSION

The Clerk is ORDERED to add QCHC employee Vernice as a party defendant to the complaint.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 complaint against the Autauga County Commissioners be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's § 1983 claims alleging breach of medical confidentiality, slander and defamation, and conspiracy be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

3.  Plaintiff's complaint against Defendants Averitt and QCHC be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii);

4.  Defendants Autauga County Commissioners, Averitt, Nixon, and QCHC be DISMISSED as a party defendants to the complaint;

5.  Plaintiff's claim as alleged in Ground One of the complaint against Defendants Johnson, Vernice, and Whitten be referred back to the undersigned for further proceedings.

It is further

ORDERED that **on or before February 28, 2014**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      DONE, this 14th day of February, 2014.

                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        CHIEF UNITED STATES MAGISTRATE JUDGE